

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THOMAS DEWAYNE WALLER, PRO SE, § <br> TDCJ-CID # 656257, § <br> TDCJ-CID # 810930, § <br> TDCJ-CID # 883310, § <br> TDCJ-CID # 947054, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MIKE RICHARDSON, Capt., § <br> GLEN WHITFIELD, Warden, and § <br> DOUG DRETKE, § <br> § <br> Defendants. § | 2:07-CV-0097 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff THOMAS DEWAYNE WALLER, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges, that on March 15, 2007, after being seated in the chow hall, he noticed an empty seat at another table and moved from his first seat to the empty one at the other table in order to fill up the table. Plaintiff complains defendant Captain RICHARDSON observed his move and told him to get up and leave, commenting that he had too much chicken on his tray and saying "Ya'll won't eat this chicken." Plaintiff goes on to state he requested a sack meal and RICHARDSON refused it. Plaintiff contends the remark and the order to leave were motivated

by discrimination based on plaintiff's race and that the deprivation of that meal violated the Eighth Amendment prohibition against cruel and unusual punishment.

Plaintiff says there is a rule that inmates must remain seated but that there is nothing in it about refusing an inmate his meal. Plaintiff also contends he should have received a disciplinary case if he violated a rule and that "filling up tables is common" in the chow hall. He states he caused no major infraction to justify the denial of a meal but that it is a common practice by RICHARDSON under these circumstances.

Plaintiff claims defendant Warden WHITFIELD was informed of the incident by plaintiff's step 1 grievance and failed to satisfactorily resolve the problem. Further, plaintiff claims defendant DRETKE, as director of TDCJ-CID, is responsible for the conduct of the other defendants and for the "vague rule . . . being used to violate inmates rights, for minor infractions [sic et passim]."

Plaintiff requests that defendant RICHARDSON be terminated from his employment and that plaintiff be awarded $700.00 in punitive damages and court costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment only where a prisoner is denied the " 'minimal civilized measure of life's necessities.' " *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)(citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Whether the specific deprivation falls below this threshold depends on the amount and duration of the deprivation. *Talib*, 138 F.3d at 214 n.3. The deprivation of a single meal does not constitute the continuous or substantial denial of food necessary to constitute an Eighth Amendment violation. *Accord*, *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(state is not required to furnish prisoners with three meals a day). Plaintiff's claim based

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

on the denial of a single meal lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, although plaintiff contends RICHARDSON's act was racially motivated, the only allegation he makes to support this claim is that RICHARDSON remarked, "Y'all won't eat all that chicken." This single remark is not sufficient to support a claim of racial motivation, especially in light of the fact that plaintiff had accepted an extra helping of chicken from another inmate's plate just as he rose to change tables[3].

Plaintiff's claim against defendant RICHARDSON lacks an arguable basis in law and in fact and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendant WHITFIELD did not adequately investigate and satisfactorily resolve his grievance. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Inasmuch as the result of this grievance has no bearing on the duration of his confinement, the plaintiff cannot show the existence of a state-created liberty interest in an inmate grievance procedure. *See, Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Therefore, plaintiff's claim against defendant WHITFIELD lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[3] See plaintiff's Step 1 grievance no. 2007114473, to which plaintiff refers the Court and which is attached to his complaint.

Plaintiff claims defendant DRETKE is the director of TDCJ-CID and must be held responsible for his employees' actions. The basis for liability advanced by this argument is that of *respondeat superior*; however, vicarious liability cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff's claim against defendant DRETKE lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff contends DRETKE is responsible for the rule, presumably he means the rule to stay seated in the chow hall, being vague. Plaintiff appears to be trying to raise a void-for-vagueness argument. Assuming, without deciding, that prison rules may be subject to such a challenge, the void for vagueness doctrine only requires that the rule give fair warning of prohibited conduct. *Colten v. Kentucky*, 407 U.S. 104, 110, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). Here, plaintiff admits he knew the Offender Handbook contained a rule which stated that an inmate must remain seated while in the chow hall. Further, plaintiff states he knew defendant RICHARDSON had often enforced that rule by requiring offending inmates to leave the chow hall. Clearly, plaintiff had notice of the prohibited conduct. Plaintiff's own allegations demonstrate his claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff THOMAS DEWAYNE WALLER be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  4th  day of October, 2007.

        /s/ Mary Lou Robinson
        MARY LOU ROBINSON
        UNITED STATES DISTRICT JUDGE